IN THE MATTER OF HARRY HAZELWOOD, JR., JUDGE OF
THE SUPERIOR COURT.

Argued April 29, 1986—Decided June 27, 1986.

*Patrick J. Monahan, Jr.,* Secretary, argued the cause for
Advisory Committee on Judicial Conduct.

*Raymond A. Brown* argued the cause for respondent
(*Brown & Brown,* attorneys).

PER CURIAM.

This proceeding against respondent, Harry Hazelwood, Jr., a
judge of the Superior Court, arises out of a two-count complaint
filed by a former client with the Advisory Committee on Judi-

cial Conduct (ACJC or Committee). Both counts of the complaint stem from allegations that respondent had improperly handled a civil action that he had filed on behalf of complainant. The Committee found that respondent had engaged in "conduct prejudicial to the administration of justice that brings the judicial office into disrepute," *R.* 2:15–8(a)(6), by violating the following Canons of the Code of Judicial Conduct: Canon 1 (a judge should observe high standards of conduct in order to preserve the integrity and independence of the judiciary) and Canon 2A (a judge should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary).

As found by the ACJC, the relevant facts are as follows: Respondent represented Complainant from 1967 to 1971 in her action against third parties for her son's death. * * * Although Respondent continued his dealings with Complainant subsequent to his appointment to the Essex County Court in September 1974, the Committee does not find that his conduct after that date constituted the practice of law as contemplated by *N.J. Const.* (1947), Art. VI, section VI, par. 6 or by Canon 5F of the Code of Judicial Conduct. It finds that at that time Respondent was not seeking recovery from a third party but was dealing with Complainant directly because he believed that at that point in time Complainant's cause of action was against him. It also finds that he intended to offer Complainant a fair settlement out of his own funds. The Committee also finds, however, that the evidence clearly and convincingly demonstrates that Respondent did not specifically inform Complainant that the civil action had been dismissed or that the cash offers of settlement that he made to her were to come from his own personal funds. The Committee finds that although Respondent may have intended to do so, he did not make it clear to her that such was the case. Therefore, the Committee finds that Respondent did not specifically tell Complainant that her case had been "dismissed" and that he would personally pay the cost of "settlement."

In addition, based upon Respondent's own testimony, the Committee finds that he met frequently with Complainant from 1971 to 1983 to discuss settlement of her claims. In these meetings, Respondent placed himself in a situation that created an impermissible conflict of interest. Honorable as his intentions may have been, he was actually negotiating with a potential adversary in a future legal malpractice action and doing so in a situation in which she considered him to be her agent, not her potential adversary. Further, he knew that Complainant was unsophisticated in the law, that she relied upon him heavily for advice and assistance, and, after 1974, that she knew him to be a full time judge. In short, for nine years a member of the judiciary failed to make it clear to a former client that she had a claim against him, failed to suggest that she seek independent legal counsel, and led her to believe that he was acting on

her behalf when he was actually representing his own interests as against hers. His intent to be fair, and the Committee so finds, does not eradicate his wrong.

The Committee finds that by his actions Respondent has engaged in conduct prejudicial to the administration of justice that brings the judicial office into disrepute. (*R.* 2:15–8(a)(6)), and has violated the following Canons of the Code of Judicial Conduct:

1. Canon 1, which requires a judge to observe high standards of conduct so that the integrity of the judiciary may be preserved; and

2. Canon 2A, which requires a judge to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

After considering respondent's long and faithful service to the people of this State, his previously unblemished record, and the exceptional circumstances surrounding his representation of complainant in the matter at issue, the Committee has recommended that respondent be censured by this Court.[1]

We have carefully reviewed the entire record and conclude that the Committee's findings are supported by clear and convincing evidence. Before us, respondent candidly acknowledged that he made a mistake in the handling of complainant's wrongful death case—the case was dismissed simply because of his failure to answer interrogatories. We are mindful that the regrettable communicative failure that led to this proceeding was indeed the result of somewhat exceptional circumstances. It is reasonable to assume that because complainant was his neighbor, respondent chose to proceed in a less formal manner than normally would be appropriate. We are convinced that respondent in no way tried to cheat or deceive complainant, but was attempting to fairly compensate her for his mistake. There is no evidence even suggesting that respondent in any way utilized the prestige or authority of his judicial office to gain an unfair advantage over complainant. Nevertheless, in view of respondent's position as a member of the judiciary, it was incumbent upon him to make certain that complainant was completely aware of the status of her case, the reasons there-

---

[1]The Honorable Sidney M. Schreiber, Vice Chairman of the ACJC, took no part in the Committee's consideration or decision in this matter.

for, and the options available to her, especially the option of retaining independent counsel to represent her interests as against the interests of respondent. This respondent failed to do for approximately nine years.

Accordingly, we adopt the Committee's findings and recommendations and conclude that respondent should be publicly reprimanded.

So ordered.

*For reprimand*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.